**SO ORDERED.**

**SIGNED this 10 day of July, 2018.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-00272-5-DMW |
| BRIAN JOSEPH GUY | CHAPTER 13 |
| DEBTOR | |

ORDER DENYING RELIEF FROM AUTOMATIC STAY

This matter comes before the court upon the Motion for Relief from Automatic Stay ("Motion") filed by Lori Parker ("Ms. Parker") on April 24, 2018 and the Response thereto filed by Brian Joseph Guy ("Debtor") on May 11, 2018. The court conducted a hearing on June 21, 2018 in New Bern, North Carolina. Russell C. Alexander, Esq. appeared for Ms. Parker, Janice Joyner Panza, Esq. appeared for the Debtor, and Ashley Baxter Curry, Esq. appeared on behalf of Chapter 13 trustee Joseph A. Bledsoe III, Esq. ("Trustee"). Based upon the evidence presented and arguments of counsel, the court makes the following findings of fact and conclusions of law:

BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code[1] on January 19, 2018, and the court appointed the Trustee to administer the case

---

[1] Except for within formal citations, references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

pursuant to § 1302.  The Debtor's estate includes a one-half interest in real property ("Property") located at 1265 Washington Post Road, New Bern, North Carolina which he owns with Ms. Parker as tenants in common.  The Debtor and Ms. Parker are siblings and inherited the Property by bequest from their deceased mother.  The current tax value of the Property is $135,000.00, and the Property is encumbered by two deed of trust liens in favor of Bank of America in the total amount of approximately $65,000.00.

Prior to the Debtor's bankruptcy petition, Ms. Parker was preparing to file with the Craven County Superior Court a petition to partition the Property by forced judicial sale.  The Debtor's bankruptcy filing stalled those efforts. She now seeks relief from the automatic stay imposed by § 362 so that she can proceed with pursuing the partition action in state court.  Ms. Parker contends that the Property, which contains a residential building, cannot be divided without substantial injury to the value; therefore, she is entitled to seek a judicial partition by sale under state law.  Ms. Parker resides next to the Property and has an interest acquiring sole ownership of the Property through this process.

In response, the Debtor notes that he filed his petition in part to stay a foreclosure sale of the Property initiated by Bank of America, believing that a private sale would generate greater value.  The Debtor previously listed the property for sale without engaging a real estate broker and received two offers that were never consummated.  The parties admittedly are estranged, and the Debtor alleges that Ms. Parker is frustrating sale efforts by damaging the Property, removing "for sale" signs, and harassing potential buyers.  The Debtor does not oppose Ms. Parker ultimately purchasing his interest in the Property, but he contends that she has been unwilling to pay him a fair price.  He believes that his estate's interest will be better protected by a sale occurring under the provisions of the Bankruptcy Code.  The Trustee suspects that equity exists in the Property for

the benefit of unsecured creditors and is concerned that a forced judicial sale is not in the estate's best interest.

## DISCUSSION

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) which the court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1). *See In re Nexus Commc'ns, Inc.*, 55 B.R. 596, 598 (Bankr. E.D.N.C. 1985) (noting that a motion to lift the automatic stay is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G)). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

Upon the filing of a bankruptcy petition, the automatic stay imposed by § 362(a) operates to stay, *inter alia*, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under the title . . . ." 11 U.S.C. § 362(a)(1). Ms. Parker brings the Motion under § 362(d) which allows a court to grant a party in interest relief from the automatic stay "by terminating, annulling, modifying, or conditioning such stay *for cause*, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) (emphasis added). The United States Court of Appeals for the Fourth Circuit holds that "[b]ecause the Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis." *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992) (citing *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir. 1985); 2 *Collier on Bankruptcy* ¶ 362.07[1], at 362-68 to 69 (15th ed. 1992)).

In *Robbins*, the Fourth Circuit recognized three factors for courts to consider when deciding whether to lift the automatic stay to allow continuance of a judicial action against the debtor commenced before the filing of the petition:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;
> (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and
> (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.* (citations omitted). Applying these factors, the Fourth Circuit affirmed a North Carolina bankruptcy court's decision to lift the automatic stay to allow the debtor's ex-wife to continue with an equitable distribution proceeding in Florida that had been active for approximately five years prior to the debtor's petition. The court first noted that equitable distribution falls within the expertise of state courts to which federal courts owe deference. *Id.* at 345-46 (citations omitted). Judicial economy warranted lifting the stay to conclude the state court action, because otherwise, the North Carolina bankruptcy court would need to spend significant time familiarizing itself with the long history of the proceeding, as well as with Florida's domestic and property laws. *Id.* at 346. Finally, lifting the stay would not harm the estate or interest of other creditors. *Id.*

In support of the Motion, Ms. Parker tendered an unpublished opinion from the neighboring United States Bankruptcy Court for the District of South Carolina which presented a similar factual scenario. *In re Eichelberger*, No. 09-09040-JW (Bankr. D.S.C. May 31, 2011). In this case, the Chapter 13 debtor and her nephew owned tenant in common interests in unencumbered real properties which they obtained as beneficiaries of the estate of the debtor's mother, who was also her nephew's grandmother. The debtor, who resided on one of the properties, filed her petition to prevent a tax foreclosure of that property. She proposed a Chapter 13 plan to pay the equivalent

4

of the non-exempt equity in the property to her unsecured creditors over five years. The nephew entered into an agreement with a third party for the sale of his interests in the properties. That sale was conditioned upon the release of the properties from the bankruptcy court's jurisdiction and provided that the purchaser would pursue purchase of the remaining interests in the properties through negotiations or a state court partition action. The nephew and potential purchaser moved for relief from the automatic stay to consummate their contract for the purchase and sale of the nephew's interest in the properties and to institute and prosecute a state court partition action.

Like in the present case, a partition action was not pending at the time of the debtor's petition in *Eichelberger*, but the court concluded that the *Robbins* factors would nonetheless govern the motion seeking relief from the automatic stay to commence the action. *Id.* at *5. Applying these factors, the court found cause to grant the motion. The court first noted that actions for partition of property are equitable actions governed by state law and do not require the bankruptcy court's specialized knowledge. *Id.* (citations omitted). Judicial economy favored relief to allow the nephew, who was being deprived of any use, enjoyment, or economic benefit from the properties, to seek immediate partition rather than wait for the debtor's Chapter 13 repayment plan. *Id.* The court found this hardship outweighed any hardship to the debtor, and that the debtor's estate remained protected:

> With the exception of her continued use of the residence on the Lake Murray Property, there is no evidence in the record indicating that the Debtor's full use and enjoyment of the Properties, to the exclusion of [her nephew], is necessary for her reorganization or that a fair and equitable partition of the Properties would be detrimental to her creditors. The estate's interest in the Properties can be protected by a requirement that any proceeds due to the Debtor as a result of the partition action to be paid the Chapter 13 Trustee, who will distribute such proceeds to Debtor's creditors.

*Id.* at **6-7.

In North Carolina, laws governing the partition of real property are codified in N.C. Gen. Stat. § 46-1 *et seq.*, and the expertise of this specialized court is admittedly not needed to oversee a partition of the Property pursuant to these state statutes. Ms. Parker desires to obtain a sale of the Property in lieu of partition pursuant to N.C. Gen. Stat. § 46-22, which provides that—

> [s]ubject to G.S. 46-22.1(b), the court shall order a sale of the property described in the petition, or any part, only if it finds, by a preponderance of the evidence, that an actual partition of the lands cannot be made without substantial injury to any of the interested parties, after having considered evidence in favor of actual partition and evidence in favor of a sale presented by any of the interested parties.

N.C. Gen. Stat. § 46-22(a) (2009). Section 46.22.1(b) provides that "[w]hen a partition sale is requested, the court or the clerk may order mediation before considering whether to order a sale." N.C. Gen. Stat. § 46-22.1(b) (2009). If ordered, "[t]he procedure for a partition sale shall be the same as is provided in Article 29A of Chapter 1 of the General Statutes [governing judicial sales]." N.C. Gen. Stat. § 46-28(a) (2009).

A significant difference between this case and *Eichelberger* is that the Debtor does not oppose a partition through sale of the Property, and he has already marketed the Property. He wants the Property sold. With the consent of the Debtor, a partition by sale can be effected under the guidance of the Bankruptcy Code which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[2] . . . ." 11 U.S.C. § 363(b)(1). Similar to a state court partition sale—

> the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>     (1)    partition in kind of such property among the estate and such co-owners is impracticable;

---

[2] No dispute exists that the Property constitutes property of the Debtor's bankruptcy estate, which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.

6

>    (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>    (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>    (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). A Chapter 13 debtor has "exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l) of [the Bankruptcy Code]." 11 U.S.C. § 1303. Although this section does not specifically reference § 363(h), the court agrees with the United States Bankruptcy Court for the District of New Hampshire that "a Chapter 13 debtor may utilize section 363(h) because pursuant to section 1303 a Chapter 13 debtor has the power of the Chapter 13 trustee under section 363(b) and section 363(h) specifically incorporates section 363(b) by reference." *In re Belyea*, 253 B.R. 312, 314 (Bankr. D.N.H. 1999) (citing *Richel v. Richel*, 166 B.R. 276, 278 (Bankr. W.D. Pa. 1994); *Janoff v. Janoff (In re Janoff)*, 54 B.R. 741, 742 (Bankr. D.N.J. 1985)).

In *Belyea*, similar to the present case, the debtor and his sister jointly owned real property they inherited from their mother. The debtor's Chapter 13 plan proposed to partition the property through sale pursuant to § 363(h), and his sister objected to confirmation, seeking to have the matter litigated in the state court where prior to the debtor's bankruptcy she filed a petition for partition. *Id.* at 313-14. The *Belyea* court allowed the debtor to seek partition of the jointly owned property through confirmation of his Chapter 13 plan, finding that the burden in state court would be similar to that under § 363(h), and it appeared the result would be the same. *Id.* at 315-16. Likewise, the Property can be partitioned by sale either pursuant to § 363(h) or N.C. Gen. Stat. § 46-22, and the court finds that judicial economy favors partition as part of the Debtor's Chapter 13 case, rather than through a state court proceeding that has yet to be initiated by Ms. Parker. The

7

Debtor may immediately market the Property, and the court can consider a proposed sale, either private or public, upon only 21 days' notice to parties in interest. *See* Fed. R. Bankr. P. 2002(a)(2). The delay in state court could be compounded, because that court may require mediation before making a determination of sale, and once a judicial sale is ordered, the process is far less efficient under the North Carolina General Statutes. This court, however, liquidates property on a routine basis with little or no delay and is empowered by Congress with avenues to accomplish the reasonable and efficient liquidation of assets.

Perhaps most important, the Trustee has valid concerns that releasing the Property from the protection of this court is not in the estate's best interest. In addition to favoring a sale of the Property, the Debtor does not object to Ms. Parker purchasing his interest if she pays a fair price. Ms. Parker's alleged attempts to sabotage a private sale of the Property to a third party and her desire to force a judicial sale suggest that she is not interested in negotiating directly with the Debtor. It appears she would prefer to obtain the Property at a reduced cost through a forced judicial sale. The Property appears to have equity available for the benefit of the Debtor's unsecured creditors. An efficient and reasonable sale procedure will ensure that anticipated equity will not diminish. A proposed sale pursuant to § 363(h), whether to Ms. Parker or a third party, requires notice to the Trustee and other parties in interest who can scrutinize and, if necessary, object. The court will only approve a proposed sale upon a showing that it is in the best interest of the estate.

## CONCLUSION

Although the Property can be partitioned in state court without the necessity of expertise from this court, judicial economy and protection of the estate favor a comparable partition occurring under the provisions of the Bankruptcy Code. The Debtor has indicated an intention to

pursue sale of the Property pursuant to § 363(h); however, should he delay or be unsuccessful in this effort, then Ms. Parker may renew the Motion for subsequent consideration; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the Motion be, and hereby is, denied without prejudice.

**END OF DOCUMENT**